FILED ___ LODGED
RECEIVED ___ COPY

DEC 1 5 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Bosch GmbH, | ) | No. CV-03-0045-PHX-FJM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| TRW Automotive, Inc., et al., | ) | |
| Defendants. | ) | |

The court has before it Defendants' Motion to Dismiss or Alternative Motion to Transfer (docs. 19-1 and 19-2). For the reasons set forth below, Defendants' motions are denied.

### I. Failure to State a Claim

Plaintiff brought this patent infringement action against TRW Automotive, Inc. ("TAI") and TRW Vehicle Safety Systems, Inc. ("VSSI"). Defendants now move to dismiss the complaint pursuant to Rule 12(b)(6), arguing that "TAI is merely a holding company" and "VSSI's activities have nothing to do with" the patented inventions. Defendants' Motion, at 5.

Defendants characterize their argument as relating to "improperly named" parties. They cite one case relating to standing, *Eagle v. Star-Kist Foods, Inc.*, 812 F.2d 538 (9th Cir.

1987), and another relating to the Federal Deposit Insurance Corporation, *Brockman v. Merabank,* 40 F.3d 1013 (9th Cir. 1994). Neither is helpful. Defendants' argument is essentially that they "didn't do it." This is not a proper argument for a motion to dismiss, where we accept all allegations of the complaint as true. Nor will we convert this motion into one for summary judgment. Particularly in a patent infringement action where there may be fact-intensive or technical issues, motions for summary judgment are best resolved after the parties have had the opportunity to conduct discovery.

Defendants also argue that Plaintiff failed to properly allege "specific intent." We conclude that the allegations in Plaintiff's First Amended Complaint are sufficient. Defendants are sufficiently notified as to the nature of the dispute, the alleged infringing activities and the patents at issue. Accordingly, we deny Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Personal Jurisdiction

Defendants argue that this court lacks personal jurisdiction over TAI. For the reasons set forth below, we conclude that the evidence sufficiently demonstrates, at this preliminary stage, that TAI is subject to the jurisdiction of this court.

The parties have not sought an evidentiary hearing. Consequently, plaintiff need only demonstrate a prima facie showing that this court may exercise personal jurisdiction over TAI. *AT&T Company v. Compagnie Bruxelles Lambert,* 94 F.3d 586 (9th Cir.

1996). Where the parties' evidence conflicts, we make all reasonable inferences in favor of Plaintiff. *See id.* at 588-589.

Plaintiff provides copies of TAI's website, in which TAI represents itself as doing business in Arizona. Plaintiff argues that these representations, along with corporate filings with the SEC, establish a prima facie case of minimum contacts. Defendants principally respond by arguing that the web pages "refer to 'TRW Automotive' - not 'TRW Automotive **Inc.**'" Defendants' Reply, at 7 (emphasis in original). This is not true. The website itself cites TRW Automotive, Inc., and not just "TRW Automotive."[1] These statements are prima facie evidence that TAI conducts business in Arizona.

Furthermore, Plaintiff has provided prima facie evidence that TAU is the *alter ego* of TAI.[2] TAU is a Delaware LLC whose sole member is TAI. TAI has sole and complete control over TAU. TAU, TAI and VSSI share the same President (John C. Plant), Vice-President (Joseph S. Canti), and Controller (Tammy S. Mitchell). TAI, TAU and VSSI also share the same attorneys. This is sufficient to demonstrate, prima facie, that TAU is the *alter ego*, the mere instrumentality, of TAI.

Defendants correctly point out that the *alter ego* doctrine ultimately requires a showing of unfairness or injustice. *AT&T Company, supra.* At this preliminary stage, however, we conclude

---

[1] For example, Exhibit 17 was copyrighted by "TRW Automotive, Inc." The title of Exhibit 18, a web page that lists Arizona locations, is "TRW Automotive Inc. - Who We Are - Locations - North America." Exhibit 19, which has a date of October 22, 2003, explains that the copyrights and trademarks on the site are owned by "TRW Automotive Inc."

[2] Defendants concede personal jurisdiction over TAU.

that it is enough that Plaintiff has demonstrated TAU to be the mere instrumentality of TAI.

In view of TAI's own representations, as well the activities of its *alter ego*, we conclude that this court may exercise personal jurisdiction over TAI.

### III. The Motion to Transfer

Defendants move, pursuant to 28 U.S.C. § 1404(a), for transfer to the United States District Court for the Eastern District of Michigan. We review Defendants' motion in light of (1) the relative convenience of the fora, (2) the possible hardship transfer would impose upon Plaintiff, (3) the interests of justice, and (4) the deference to be accorded to Plaintiff's choice. *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288 (9th Cir. 1997).

Defendants primarily argue that the Eastern District of Michigan would be a more convenient forum. However, on this record, we cannot conclude that Michigan would be substantially more convenient. At most, Defendants have demonstrated a possibility that some of its witnesses will find Michigan a more convenient forum. However, as Plaintiff points out, there may also be witnesses in Arizona. Furthermore, Plaintiff alleges that infringing activities have taken place in Arizona. On this record, a determination that one forum would be more convenient than another would be speculative. Finally, transfer to Michigan would violate the first-to-file rule for patent infringement actions.[3] In view of all these factors, we conclude that Defendants' Alternative Motion to Transfer should be denied.

---

[3] Defendants' argument that the second filed action involves "different" parties is misleading because TAU is merely the *alter ego* of TAI.

**Accordingly, IT IS ORDERED, DENYING** Defendants' Motion to Dismiss (19-1) and Alternative Motion to Transfer (19-2).

DATED this 11 day of December, 2003.

                                        Frederick J. Martone
                                        United States District Judge