```
                              FILED ___ LODGED
                          ___ RECEIVED ___ COPY

                               NOV 2 3 2004

                          CLERK U S DISTRICT COURT
                            DISTRICT OF ARIZONA
                          BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ROBERT BOSCH GMBH, | ) | No. CV-03-45-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| TRW AUTOMOTIVE Inc., et al., | ) | |
| Defendants. | ) | |

    The court has before it Bosch's motion to file documents under seal (doc. 178). No opposition has been received. Accordingly, IT IS ORDERED GRANTING Bosch's motion to file documents under seal (doc. 178).

    The court has before it Bosch's motion to preclude late opinions by TRW expert Dr. George Ligler (doc. 179), TRW's opposition, and Bosch's reply. The Rule 16 scheduling order in this case required Bosch to disclose its expert opinion testimony by June 3, 2004, and required TRW to disclose its expert testimony no later than July 1, 2004. Thus, by July 1, 2004, both sides in this case were expected to know the full extent of the expert testimony offered to support the complaint and the counterclaim. Rebuttal testimony to these substantive disclosures were due no later than July 15, 2004. The supplementation date of August 16, 2004, applied to material changes in existing expert witness opinion testimony, not additions. A change would have to be within the scope of the existing disclosure. One can tell from the motion, response, and reply that the parties here were engaged in needless litigation tactics over the timing of disclosure. TRW could not enlarge the scope of expert



testimony on August 16, 2004. It could only amend or change existing testimony. Accordingly, IT IS ORDERED GRANTING Bosch's motion to preclude late opinions by TRW expert Dr. George Ligler (doc. 179).

The court has before it TRW's motion for protective order or, in the alternative, to compel deposition testimony of Bosch's expert (doc. 183), Bosch's opposition, and TRW's reply. The parties are quarreling over the number of hours to be devoted to a deposition as though the number of hours have some intrinsic value. This is another example of unprofessional litigation tactics that have occurred throughout the processing of this case. Except to resort to abstract comparisons, the parties fail to make any showing of a particularized need for either more or fewer hours than provided by the rules. Accordingly, IT IS ORDERED DENYING TRW's motion for a protective order or, in the alternative, to compel deposition testimony of Bosch's expert (doc. 183).

The court has before it Bosch's motion to compel production of video and documents and to compel search of archives or permit inspection (doc. 185), TRW's opposition, and Bosch's reply. To the extent that the documents have not already been produced, IT IS ORDERED GRANTING Bosch's motion to compel production of video and documents and to compel search of archives or permit inspection (doc. 185).

The court has before it Bosch's motion to compel defendant VSSI to produce documents (doc. 189), TRW's opposition, and Bosch's reply. IT IS ORDERED GRANTING Bosch's motion to compel defendant VSSI to produce documents (doc. 189).

The court has before it TRW's motion to file under seal its opposition to plaintiff's motion to compel (doc. 204). No opposition has been received. IT IS ORDERED GRANTING the motion (doc. 204).

The court has before it Bosch's motion to file under seal its reply (doc. 210). No opposition has been received. IT IS ORDERED GRANTING Bosch's motion (doc. 210).

1   The court has before it Bosch's motion to file under seal its reply in support of its motion to compel production of video (doc. 212). No opposition has been received. IT IS ORDERED GRANTING Bosch's motion to file under seal its reply (doc. 212).

Finally, the court has before it Bosch's motion for leave to file under seal its opposition to TRW's motion for summary judgment (doc. 216). No opposition has been received. IT IS ORDERED GRANTING Bosch's motion (doc. 216).

DATED this 22nd day of November, 2004.

Frederick J. Martone
United States District Judge